COPY

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SABRINA CORLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| WAL-MART STORES EAST, INC. d/b/a WAL-MART, WAL-MART ASSOCIATES, INC., and WAL-MART STORES, INC., | ) ) ) ) |
| Defendants. | ) ) |

CASE #: 12C436/

JURY DEMAND

FILED 2012 OCT 26 PM 4:26

## COMPLAINT

Comes now the Plaintiff, Sabrina Corley, and for her cause of action against the Defendants would show unto the Court as follows:

1. Plaintiff, Sabrina Corley, is a citizen of Davidson County, Tennessee.

2. Defendant, Wal-Mart Stores East, Inc. d/b/a Wal-Mart, is a for profit corporation with a principal place of business at 702 SW 8th Street, Bentonville, Arkansas. Wal-Mart is registered to do business under the laws of Tennessee. Wal-Mart is amenable to service of process through its registered agent, C T Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee, 37929.

3. Defendant, Wal-Mart Associates, Inc., is a for profit corporation with a principal place of business at 702 SW 8th Street, Bentonville, Arkansas. Wal-Mart Associates, Inc. is registered to do business under the laws of Tennessee. Wal-Mart Associates, Inc. is amenable to service of process through its registered agent, C T Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee, 37929.

4. Defendant, Wal-Mart Stores, Inc., is a for profit corporation with a principal place of business at 702 SW 8th Street, Bentonville, Arkansas. Wal-Mart Stores, Inc. is registered to do business under the laws of Tennessee. Wal-Mart Stores, Inc. is amenable to service of process through its registered agent, C T Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee, 37929.

5. Wal-Mart Stores East, Inc. d/b/a Wal-Mart, Wal-Mart Associates, Inc. and Wal-Mart Stores, Inc. will be hereinafter collectively referred to as "Wal-Mart."

6. The events leading to the incident complained of herein, and including said incident, occurred at the Wal-Mart location at 3035 Hamilton Church Road, Antioch, Davidson County, Tennessee.

7. This is a premises liability complaint for personal injuries sustained by Ms. Corley on November 7, 2011, at the Wal-Mart store location at 3035 Hamilton Church Road, Antioch, Tennessee.

8. Jurisdiction and venue are proper in this Court.

9. On November 7, 2011 Ms. Corley was a customer at the Wal-Mart store on Hamilton Church Road. At approximately 3:45 pm, Ms. Corley was walking down or around aisle six (6) when she slipped on a puddle of water and twisted her right knee. As Ms. Corley began to fall, she caught herself on her shopping cart. Ms. Corley heard and felt a pop in her right knee.

10. Due to the pain and discomfort in her right knee, Ms. Corley was compelled to seek medical treatment. The injury to Ms. Corley's right knee required surgery and physical therapy. Ms. Corley had a lengthy and painful recovery process.

2

11. At all times material, Ms. Corley exercised ordinary care for her own safety.

12. At all times material, Wal-Mart owned, operated and/or maintained the store located at 3035 Hamilton Church Road, Antioch, Tennessee.

13. At all times material, Wal-Mart negligently maintained and negligently failed to inspect the premises at the store located at 3035 Hamilton Church Road, Antioch, Tennessee.

14. The water spill on which Ms. Corley slipped was not marked with any signs to adequately warn individuals of the risk and danger of the spill.

15. Wal-Mart created the dangerous condition by failing to adequately mark the spill and/or by failing to properly clean up the spill for customers of its store or otherwise properly warn customers of the danger.

16. The clear color of the water made it difficult to see which constituted a latent and/or hidden danger.

17. Wal-Mart had a duty to inform and/or warn Ms. Corley and others of the unsafe and/or dangerous condition before she slipped.

18. Wal-Mart knew or reasonably should have known that the water constituted an unsafe and/or dangerous condition well before Ms. Corley slipped. Wal-Mart had actual and/or constructive notice of the water.

19. Ms. Corley alleges that all of her injuries, losses and damages were directly and proximately caused by the negligence of Wal-Mart.

20. As a result of Wal-Mart's negligence, Ms. Corley suffered harms and losses. Those harms and losses include, but are not limited to:

    a. Serious past pain and suffering;

3

      b. Serious past mental anguish;

      c. Serious future pain and suffering;

      d. Serious future mental anguish;

      e. Loss of enjoyment of life;

      f. Lost earnings and loss of earning capacity;

      g. Diminished capacity for enjoyment of life; and

      h. Permanent disability and impairments.

21. Because of the medical care, services supplied and therapy required and actually given in the treatment of Ms. Corley, she has incurred medical expenses and will continue to incur such expenses in the future.

22. Wal-Mart is one-hundred percent (100%) responsible for Ms. Corley's injury.

23. Wal-Mart Stores East, Inc. d/b/a Wal-Mart has been properly served with process.

24. Wal-Mart Associates, Inc. has been properly served with process.

25. Wal-Mart Stores, Inc. has been properly served with process.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF DEMANDS:

1. That service of process issue and be served upon the Defendants requiring them to appear and answer within the time required by law.

2. That judgment be rendered against the Defendants holding them liable for compensatory damages in an amount to be determined by a jury.

3. For all other relief to which she may be entitled from this Court including discretionary costs, court costs and any further and general relief

4

Case 3:12-cv-01250  Document 1-2  Filed 11/30/12  Page 4 of 5 PageID #: 10

Respectfully submitted,

ROCKY McELHANEY LAW FIRM, PC

_____
ROCKY MCELHANEY, #20205
1311 Sixth Avenue North
Nashville, Tennessee 37208
Phone: (615) 425-2500
Fax:   (615) 425-2501
ATTORNEY FOR PLAINTIFF

I hereby certify that this is a true copy of original instrument filed in my office this 29 day of Oct 2012.
RICHARD R. ROOKER, Clerk
By _____
    Deputy Clerk