# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SABRINA CORLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-1250 |
| ) | JURY DEMAND |
| WAL-MART STORES EAST, LP, ) | JUDGE SHARP |
| ) | MAGISTRATE JUDGE KNOWLES |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND MOTION IN LIMINE TO EXCLUDE THE EXPERT'S TESTIMONY AT TRIAL

Pursuant to Fed. Rule Civ. P. 26(c), defendant seeks a protective order and moves in limine to prevent plaintiff from entering testimony of life care planning expert Tara Mulderig into evidence at trial.

This case was removed to this Court in December 2012. A case management order was entered on January 28, 2013 (DE #9). The first case management order set plaintiff's expert disclosure deadline for August 25, 2013 and her deadline to complete expert depositions for evidence for September 25, 2013. On October 9, 2013, the parties filed a joint motion to extend the deadlines and continue the trial date because of the plaintiff's ongoing medical treatment (DE # 22). The court continued plaintiff's expert disclosure deadline to February 25, 2014 and expert deposition deadline to March 25, 2014 (DE #23). The parties filed another joint motion to extend the deadlines on February 25, 2014 because of problems plaintiff's counsel encountered acquiring plaintiff's own medical records (DE #24).

According to DE # 24, the plaintiff's expert disclosure deadline is currently April 15, 2014 and her deposition for proof deadline is May 15, 2014.

On July 8, 2014, plaintiff disclosed life care planner Tara Mulderig.

Under Rule 26, the Court may, for good cause, issue an order to protect a party from annoyance, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Allowing plaintiff to identify additional experts and/or allowing plaintiff more time to take depositions for proof prejudices the defendant and subjects the defendant to oppression and undue burden.

Allowing the plaintiff to disclose this expert would require the deadlines to be continued for a fourth time. The deadlines were set and agreed to by both parties in order to allow defendant adequate time to evaluate plaintiff's proof and determine whether defendant must obtain its own additional experts for trial. At this point, all of defendant's deadlines have also passed, and the trial is less than four months away.

This incident occurred in November 2011, and this lawsuit was filed in November 2012. Plaintiff had several years before the April 2014 deadline to identify and disclose a life care planning expert. If this was still not a sufficient amount of time, plaintiff had the ability to file another motion to extend the deadlines before disclosing this expert nearly three months after the deadline had passed.

Given the circumstances, allowing this late disclosure is prejudicial. Therefore, defendant moves that the Court grant its motion for a protective order and in limine to prevent plaintiff from disclosing the life care planning expert after the disclosure deadline and to exclude any testimony from the life care planning expert at trial.

s/ Meredith L. Hiester
G. Andrew Rowlett, No. 16277
Meredith L. Hiester, No. 30183
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201-1107
(615) 244-3370
arowlett@howell-fisher.com
mhiester@howell-fisher.com
Attorneys for defendant

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served via U.S. mail, postage prepaid, on:

Afsoon Hagh
Rocky McElhaney
Rocky McElhaney Law Firm
1516 Sixteenth Avenue South
Nashville, TN 37212
Attorney for plaintiff

on this the 11th day of July, 2014.

s/ Meredith L. Hiester

F:\MLH\MLH\4. Walmart\Corley\motion re life care planner.docx